NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2730
_____

DAVID and ROBYN MONN,
Individually and as the parents of B.M.
a minor, MICHAEL and JULIE FAUTH,
Individually and as the parents of L.F.
a minor and BRAD and JACKIE ADAMS,
Individually and as the parents of A.A. a minor,

Appellants

v.

GETTYSBURG AREA SCHOOL DISTRICT;
JAMES O'CONNOR; STEVE LITTEN; LAWRENCE REDDING;
SHEVELLE C, (last name withheld) in her own right and as the
Mother of K.C., a minor; K.C., a minor; and Ms. A. in her own right and as the
Mother of K.A., a minor

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-12-cv-02085)
District Judge: Honorable William W. Caldwell

_____

Submitted Under Third Circuit LAR 34.1(a)
January 13, 2014

Before:  AMBRO, HARDIMAN, and GREENAWAY, Jr., Circuit Judges

(Opinion filed: January 21, 2014)

_____

OPINION

_____

AMBRO, Circuit Judge

This case involves bullying at a middle school. As with other bullying cases we have confronted, we are sympathetic to the plight of the student victims. However, without any allegation of action by the School District, the case falls squarely within our binding precedent and requires that we affirm the District Court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff-appellants are three minor children and their parents. The defendant-appellees are the Gettysburg Area School District; Larry Redding, the District superintendent; and James O'Connor and Steven Litten,[1] two principals at Gettysburg Area Middle School (collectively, the "District").[2]

The appellants allege that the three minor-appellants were bullied and injured at the Middle School. They claim that although the parent-appellants notified the District about the bullying, no action was taken to prevent future harassment. The appellants assert that the District "sometimes criticized and belittled them to deflect their responsibilities to supervise and curtail the misconduct of the minor defendants."

_____

[1] As the District Court noted, Steven Litten's last name is spelled "Litton" in the Complaint. We will use the correct spelling of his name.

[2] Also named as defendants are Shevelle C., in her own right and as the mother of K.C., a minor; K.C., a minor; and Ms. A., in her own right and as the mother of K.A., a minor. For some reason, K.A. is not a defendant. K.A. and K.C. are alleged to be the minors that bullied the minor-appellants. These defendants did not move to dismiss and are not the subject of the current appeal.

Appellants' Br. At 7.  As a result of the District's inaction, the minor-appellants suffered additional injuries.

The appellants asserted claims under 42 U.S.C. § 1983 for violations of the First, Fourth, and Fourteenth Amendments, as well as a number of state law claims.  The District Court dismissed the federal claims and this appeal followed.[3]  We have jurisdiction under 28 U.S.C. § 1291.

## II. STANDARD OF REVIEW

Our review of a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) is plenary.  *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163 (3d Cir. 2010).  "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility."  *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).  Although we must accept the allegations in the complaint as true, "we are not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation."  *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (internal quotation marks and citations omitted).

## III. DISCUSSION

### A. First Amendment Retaliation Claim

---

[3] The appellants have not challenged the District Court's dismissal of their Fourth Amendment claim and have not addressed the state law claims.  Therefore, we as well do not address them.

To plead a First Amendment retaliation claim, a plaintiff must allege, among other things, "retaliatory *action* sufficient to deter a person of ordinary firmness from exercising his constitutional rights. . . ." *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006) (emphasis added) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)).[4] Allegations of inaction are insufficient to maintain a claim for retaliation. *See Kaucher v. County of Bucks*, 455 F.3d 418, 433 n.11 (3d Cir. 2006) ("[F]ailures to act cannot form the basis of a valid § 1983 claim."). In this case, the appellants allege only inaction—that the District ignored or rebuffed their requests for assistance. Therefore, the District Court correctly dismissed the retaliation claims for failure to plead some retaliatory action by the District.[5]

## B. Fourteenth Amendment Claims

The appellants contend that the District violated their substantive and procedural due process rights under the Fourteenth Amendment. We affirm the dismissal of both claims.

The substantive due process claim was properly dismissed. "Generally, the Due Process Clause does not impose an affirmative duty upon the state to protect citizens

---

[4] A plaintiff must also allege "constitutionally protected conduct" and "a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas*, 463 F.3d at 296. However, because the appellants do not allege any retaliatory action, we need not analyze these additional elements.

[5] The appellants argue in passing that they should have been granted leave to amend or discovery. However, they never sought discovery. As for leave to amend, the District Court was correct that amendment would be futile because the District's inaction was a substantive shortcoming that could not be pled around. *See Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).

4

from the acts of private individuals." *Sanford v. Stiles*, 456 F.3d 298, 303-04 (3d Cir. 2006) (citing *DeShaney v. Winnebago Cnty. Dep't. of Soc. Servs.*, 489 U.S. 189, 198-200 (1989)). Here, the appellants do not allege affirmative acts, but only that the District did not act to prevent bullying by private individuals. Although there are two exceptions to the affirmative act requirement—when there is a "special relationship" between the plaintiff and the state, and when there is a "state-created danger"—we recently clarified in a substantially similar case that neither exception applies to cases such as this one. *See Morrow v. Balaski*, 719 F.3d 160 (3d Cir. 2013) (*en banc*).

The District Court was also correct to reject the procedural due process claim. A complaint asserting a procedural due process claim must allege (1) a deprivation of an interest "encompassed within the Fourteenth Amendment's protection of life, liberty, or property;" and (2) that "available procedures did not provide due process of law." *Ass'n N.J. Rifle & Pistol Clubs v. Governor of N.J.*, 707 F.3d 238, 240 (3d Cir. 2013) (internal quotation marks and citation omitted). Critically, the deprivation of the protected interest must be attributable to the District, not a private actor. *See Phila. Police & Fire Ass'n for Handicapped Children, Inc. v. City of Philadelphia*, 874 F.2d 156, 169 (3d Cir. 1989). Here, the appellants claim that the bullying children were depriving the minor-appellants of liberty and property interests in their education and bodily integrity. However, these actions by private individuals, not the District, are insufficient to give rise to a procedural due process claim.

We thus affirm the District Court.

5